IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CORTICAS LAMOSEL, LDA, | No. C-05-04155 SI (EDL) |
| Plaintiff, | **SECOND ORDER TO SHOW CAUSE** |
| v. | |
| DIAGEO CHATEAU & ESTATE WINES, | |
| Defendant. | |

    On April 10, 2006, the Court issued a Notice of Settlement Conference and Order setting the initial settlement conference in this matter on May 24, 2006. The case did not settle on May 24, 2006, in large part because of the unexcused absence of Fernando Olivera, Plaintiff's principal and the only one with full settlement authority. On May 26, 2006, the Court issued an Order Following Settlement Conference setting a further settlement conference for August 16, 2006 and requiring Mr. Olivera "to appear in person unless excused by the Court, which is very unlikely." May 26, 2006 Order at 1:19-20.

    On August 14, 2006, only two days before the settlement conference, Plaintiff's counsel Jason Estavillo requested a continuance of the August 16, 2006 settlement conference, stating that: "Fernando Olivera (The Principal of Corticas) would be unable to make the trip from Portugal to San Francisco this week due to unforeseen events." When contacted, Mr. Estavillo was unable to provide any further information about the alleged "unforeseen events." It was clear from counsel's letter, however, that Mr. Olivera had no intention of traveling from Portugal to attend the August 16, 2006 conference.

On August 14, 2006, the Court vacated the settlement conference and issued an Order to Show Cause as to why Plaintiff should not be sanctioned for violating the Court's Order requiring Mr. Olivera's attendance at the settlement conference. As permitted by that Order, on August 23, 2006, Plaintiff filed Mr. Olivera's declaration purporting to explain his inadequately justified absence and failure to timely seek to be excused.

On August 28, 2006, the Court vacated the Order to Show Cause and decided to give Mr. Olivera one more chance to avoid sanctions even though the Court observed that Mr. Olivera had failed to show good cause for his failure to appear at the settlement conference as ordered by the Court. The Court continued the settlement conference to September 27, 2006 and ordered Mr. Olivera to appear in person.

On September 20, 2006, again only days before the settlement conference, Plaintiff's counsel filed a declaration seeking a continuance of the September 27, 2006 settlement conference or, in the alternative, to have Mr. Olivera, appear by telephone. Counsel stated that she was just informed that Plaintiff's factory in Portugal had burned down and that Mr. Olivera "could not leave his business at the moment since it is critical to Lamosel that he remain at the site," so Mr. Olivera could not travel to San Francisco for the settlement conference. See Basaloco-Lapo Decl. ¶¶ 3, 5. Defense counsel submitted a letter stating that the fire actually took place in June 2006. Notably, Plaintiff's counsel did not indicate the date of the fire in her declaration (she acknowledged subsequently that the fire had occurred in June although she had only learned of it recently). In an Order dated September 25, 2006, the Court denied Plaintiff's request to continue the settlement conference or to permit Mr. Olivera to appear by telephone. The Court warned Plaintiff that violation of a court order may result in monetary sanctions. Despite being ordered to do so, Mr. Olivera failed to appear at the September 27, 2006 settlement conference.

Accordingly, Plaintiff is hereby ordered to show cause why it should not be sanctioned for violating the Court's Order requiring Mr. Olivera's attendance at the September 27, 2006 settlement conference. Sanctions could include, but would not necessarily be limited to, payment of Defendant's reasonable fees and costs incurred in preparing for and attending the settlement conferences and rescheduling. Plaintiff shall file a declaration by counsel and/or by Mr. Olivera no

later than October 5, 2006 providing any further information to explain Mr. Olivera's inadequately justified absence and failure to timely seek to be excused. No later than October 5, 2006, Plaintiff shall notify the Court if it desires a show cause hearing, which would take place on October 10, 2006 at 2:00 p.m.

**IT IS SO ORDERED.**

Dated: September 28, 2006

ELIZABETH D. LAPORTE
United States Magistrate Judge